**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| SIERRA CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-CV-511 |
| | ) | |
| WISCONSIN POWER AND | ) | |
| LIGHT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## WPL'S ANSWER AND DEFENSES TO COMPLAINT CONCERNING ALLEGATIONS RELATED TO COLUMBIA GENERATING STATION

Wisconsin Power and Light Company ("WPL") hereby submits its Answer and Defenses to the Plaintiff's Complaint ("Complaint") concerning the allegations related to Columbia Generating Station.[1]

## WPL'S ANSWER

### INTRODUCTION

1.      WPL admits that Plaintiff's Complaint purports to be a civil action brought pursuant to the Clean Air Act (the "CAA"), 42 U.S.C. § 7401 *et seq*.  WPL denies any remaining allegations set forth in this paragraph of Plaintiff's Complaint.

2.      Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to

---

[1] WPL is contemporaneously filing a Motion to Dismiss related to all allegations concerning the Nelson Dewey Generating Station.  Consequently, WPL is not submitting its Answer and Defenses with respect to the allegations concerning the Nelson Dewey Generating Station at this time.

respond to the allegations in Paragraph 2 of Plaintiff's Complaint related to that Station at this time.  WPL admits that Plaintiff's Complaint purports to seek an order requiring Defendant to comply with certain requirements of the CAA.  WPL also admits that it is a co-owner and operator of the Columbia Generating Station ("CGS") and that CGS is located at W8375 Murray Road, Pardeeville, Wisconsin, along the Wisconsin River south of Portage.  WPL denies any remaining allegations set forth in this paragraph of Plaintiff's Complaint.

3.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 3 of Plaintiff's Complaint at this time.

4.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 4 of Plaintiff's Complaint at this time.

5.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 5 of Plaintiff's Complaint at this time.

6.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 6 of Plaintiff's Complaint at this time.

7.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 7 of Plaintiff's Complaint at this time.

8.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 8 of Plaintiff's Complaint at this time.

9.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 9 of Plaintiff's Complaint at this time.

10.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 10 of Plaintiff's Complaint at this time.

11.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 11 of Plaintiff's Complaint at this time.

12.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 12 of Plaintiff's Complaint at this time.

13.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 13 of Plaintiff's Complaint at this time.

14.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 14 of Plaintiff's Complaint at this time.

15.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 15 of Plaintiff's Complaint at this time.

16.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 16 of Plaintiff's Complaint at this time.

17.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 17 of Plaintiff's Complaint at this time.

18.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 18 of Plaintiff's Complaint at this time.

19.     WPL admits that CGS consists, in part, of two coal-fired boilers with each having a rated heat input capacity at approximately 5,885 million Btu per hour, of an oil-fired auxiliary boiler having a rated heat input capacity at approximately 182.4 million Btu per hour, and of associated coal handling, rail car dumpers, conveyors, storage piles, and other equipment.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

20.     WPL admits that CGS Unit 1 is a dry bottom, pulverized coal, tangential fired boiler that was installed in approximately 1971.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

21.     WPL admits that CGS Unit 2 is a dry bottom, pulverized coal, tangential fired boiler that was installed in approximately 1975.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

22.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

23.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

24.     WPL admits that CGS has the potential to emit the approximate amount of the pollutants identified in this Paragraph of the Complaint.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

25.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

26.     WPL admits that CGS is a "major stationary source" under the CAA, but denies that all the regulatory citations contained in this paragraph of Plaintiff's Complaint are correct.

27.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

28.     WPL admits that CGS emits carbon dioxide, nitrogen oxides, sulfur oxides, particulate matter, and carbon monoxide each year.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

29.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

30.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

31.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

32.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## PARTIES

33.     WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

34.     WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

35.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

36.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

37.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

## STANDING

38.     WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint regarding the whereabouts and activities of Sierra Club's members, and, therefore, denies

the same.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

39.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## JURISDICTION AND VENUE

40.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

41.     WPL admits that, if it is determined that this Court has subject matter jurisdiction over Plaintiff's claims, venue is proper.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

42.     WPL admits that Sierra Club sent several correspondence to WPL regarding the subject matter of this lawsuit, including on December 21, 2009, and that Exhibit 1 was part of such correspondence. WPL denies that any of this correspondence constituted legally sufficient notice under 42 U.S.C. § 7604, and denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

43.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

44.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

45.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 45 of Plaintiff's Complaint at this time.

46.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

47.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 47 of Plaintiff's Complaint regarding that station at this time.  WPL admits that it is a co-owner and operator of the Columbia Generating Station ("CGS").  WPL denies any remaining allegations set forth in this paragraph of Plaintiff's Complaint.

48.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 48 of Plaintiff's Complaint regarding that station at this time.  WPL admits that coal is the predominant fuel for the two main boilers at the CGS plant.

**The Wisconsin State Implementation Plan**

49.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

50.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

51.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

52.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

**The Prevention of Significant Deterioration Program**

53.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

54.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

55.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

56.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

57.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

58.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 48 of Plaintiff's Complaint regarding that station at this time.  WPL admits that CGS Units 1 and 2 are electric steam generating units. WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

59.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

**The Operating Permit Program**

60.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

61.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

62.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

63.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

64.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 64 of Plaintiff's Complaint at this time.

65.     Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

66.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

67.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 67 of Plaintiff's Complaint at this time.

68.     WPL admits the material allegations contained in this paragraph of Plaintiff's Complaint.

69.     This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

70.     Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

71.    WPL admits that the language in EPA's December 14, 2009 Notice of Violation speaks for itself and that EPA has not filed any lawsuit against WPL related to the Notice of Violation.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

**Modifications Made to the NED Plant**

    ***A.    Replacement of the Cyclone Burners at NED 1 and 2.***

72.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 72 of Plaintiff's Complaint at this time.

73.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 73 of Plaintiff's Complaint at this time.

74.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 74 of Plaintiff's Complaint at this time.

75.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 75 of Plaintiff's Complaint at this time.

76.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 76 of Plaintiff's Complaint at this time.

77.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 77 of Plaintiff's Complaint at this time.

78.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 78 of Plaintiff's Complaint at this time.

79.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 79 of Plaintiff's Complaint at this time.

80.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 80 of Plaintiff's Complaint at this time.

81.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 81 of Plaintiff's Complaint at this time.

**B.      *The NED Unit 1 Superheater and Reheat Replacement.***

82.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 82 of Plaintiff's Complaint at this time.

83.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 83 of Plaintiff's Complaint at this time.

84.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 84 of Plaintiff's Complaint at this time.

85.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 85 of Plaintiff's Complaint at this time.

86.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 86 of Plaintiff's Complaint at this time.

87.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 87 of Plaintiff's Complaint at this time.

88.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 88 of Plaintiff's Complaint at this time.

89.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 89 of Plaintiff's Complaint at this time.

90.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 90 of Plaintiff's Complaint at this time.

### C.     *The NED Unit 2 Superheater and Reheat Replacement.*

91.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 91 of Plaintiff's Complaint at this time.

92.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 92 of Plaintiff's Complaint at this time.

93.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 93 of Plaintiff's Complaint at this time.

94.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 94 of Plaintiff's Complaint at this time.

95.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 95 of Plaintiff's Complaint at this time.

96.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 96 of Plaintiff's Complaint related to that station at this time.  WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

**D.     *Air Inlet Modification at NED.***

97.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 97 of Plaintiff's Complaint at this time.

98.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 98 of Plaintiff's Complaint at this time.

99.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 99 of Plaintiff's Complaint at this time.

**E.     *Installation of Soot Blowing and Water Lances on NED Units 1 and 2.***

100.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 100 of Plaintiff's Complaint at this time.

101.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 101 of Plaintiff's Complaint at this time.

102.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 102 of Plaintiff's Complaint at this time.

103.     Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 103 of Plaintiff's Complaint at this time.

**Modification Made to the Columbia Generating Station**

104.     WPL admits that it conducted certain routine maintenance, repair and replacement work ("RMRR) on the reheat and superheat sections of CGS Unit 2.  WPL denies the remaining material allegations contained in this paragraph of Plaintiff's Complaint.

105.     WPL admits that the language in an application filed with the Public Service Commission of Wisconsin ("PSC") speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

106.     WPL admits that the language in an application filed with PSC speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

107.     WPL admits that the language in an application filed with the PSC speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's

Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same. WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

108.    WPL admits that the language in an application filed with the PSC speaks for itself. However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same. WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

109.    WPL admits that the language in an application filed with the PSC speaks for itself. However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same. WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

110.    WPL admits that the language in an application filed with the PSC speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

111.    WPL admits that the language in the PSC Certificate of Authority and Order related to alleged RMRR reheater and superheat section work on CGS Unit 2 speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

112.    WPL admits that the language in the PSC notification letter of August 4, 2005 related to alleged RMRR reheater and superheat section work on CGS Unit 2 speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and,

therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

113.    Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

114.    WPL admits that the language in any PSC order related to alleged RMRR reheater and superheat section work on CGS Unit 2 speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

115.    WPL admits that the language in any PSC order related to alleged RMRR reheater and superheat section work on CGS Unit 2 speaks for itself.  However, because the document referenced in this paragraph of Plaintiff's Complaint was not attached to the Complaint (and therefore WPL is not exactly certain which document is being referenced by Plaintiff), WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted with respect to this document in this paragraph of Plaintiff's Complaint and, therefore, denies the same.  WPL denies the remaining material allegations in this paragraph of Plaintiff's Complaint.

116.    Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

117.    WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

118.    WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

**Characteristics Common to All Projects**

119.    Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

120.    Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

121.    Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

122.    Because of the ambiguity of the allegations in this paragraph, WPL is without sufficient knowledge or information to form a belief as to the truth of the material allegations asserted in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

## Lack of Permits, Monitoring, and Reporting and Failure to Comply with Emission Limits for Modifications to Plants

123.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

124.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

125.    WPL admits that it did not obtain a PSD permit for the CGS Unit 2 reheater and superheater division panel projects identified in Sierra Club's Complaint because those projects did not necessitate a PSD permit.  WPL denies all other material allegations contained in this paragraph of Plaintiff's Complaint.

126.    WPL admits that it did not obtain a NR 406 permit for the CGS Unit 2 reheater and superheater division panel projects identified in Sierra Club's Complaint because those projects did not necessitate such a permit.  WPL denies all other material allegations contained in this paragraph of Plaintiff's Complaint.

127.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

128.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

129.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## FIRST CLAIM

### (Major Modification Without a PSD Permit)

130.    WPL re-alleges and incorporates its answers to the material allegations contained in paragraphs 1 through 129 of Plaintiff's Complaint above as if fully set forth herein.

131.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

132.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

133.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

134.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## SECOND CLAIM

### (Failure to Comply with Best Available Control Technology)

135.    WPL re-alleges and incorporates its answers to the material allegations contained in paragraphs 1 through 134 of Plaintiff's Complaint above as if fully set forth herein.

136.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

137.    This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.   To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

138.    Because WPL is contemporaneously filing a Motion to Dismiss related to all claims concerning the Nelson Dewey Generating Station, WPL is not required to respond to the allegations in Paragraph 138 of Plaintiff's Complaint regarding that plant at this time.  With respect to the allegations regarding CGS, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

139.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

140.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## THIRD CLAIM

### (Failure to Make Demonstration and Submit Information)

141.    WPL re-alleges and incorporates its answers to the material allegations contained in paragraphs 1 through 140 of Plaintiff's Complaint above as if fully set forth herein.

142.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

143.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

144.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

145.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

146.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## FOURTH CLAIM

## (Violations of the Clean Air Act Title V Program and Wis. Admin. Code NR 407)

147.     WPL re-alleges and incorporates its answers to the material allegations contained in paragraphs 1 through 146 of Plaintiff's Complaint above as if fully set forth herein.

148.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

149.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

150.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

151.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

152.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

153.     WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## FIFTH CLAIM

### (Failure to Obtain a Construction Permit Pursuant to
### Wis. Stat. § 285.60 and Wis. Admin. Code ch. NR 406))

154.    WPL re-alleges and incorporates its answers to the material allegations contained in paragraphs 1 through 153 of Plaintiff's Complaint above as if fully set forth herein.

155.    This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.   To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

156.    This paragraph of Plaintiff's Complaint sets forth conclusions of law to which no response is required.   To the extent a response is deemed to be required, WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

157.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

158.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

159.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

160.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## SIXTH CLAIM

### (Declaratory Relief)

161.    WPL re-alleges and incorporates its answers to the material allegations contained in paragraphs 1 through 160 of Plaintiff's Complaint above as if fully set forth herein.

162.    WPL denies the material allegations contained in this paragraph of Plaintiff's Complaint.

## WPL'S DEFENSES

Defendant, WPL, states the following defenses to Plaintiff's Complaint as it relates to Columbia Generating Station:

### First Defense

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

### Third Defense

Pursuant to 42 U.S.C. § 7604(b), the Plaintiff was required to provide sufficient notice of its claims to Defendant, the United States Environmental Protection Agency ("EPA") and the Wisconsin Department of Natural Resources ("WDNR") prior to filing suit.  The Plaintiff did not do so.  Accordingly, the Plaintiff has failed to follow all requirements of the statute, and its claims must be dismissed.

### Fourth Defense

The Plaintiff's claims must be dismissed because 42 U.S.C. § 7604(a)(3) does not authorize suit for wholly past violations of the Clean Air Act.

### Fifth Defense

Any additional claims the Plaintiff may seek pursuant to 42 U.S.C. § 7604(a) which are not stated in its Complaint must be dismissed for failure to comply with the provisions contained in 42 U.S.C. § 7604(b).

### Sixth Defense

The Plaintiff's claims constitute an impermissible collateral challenge on previous permitting decisions made by WDNR and previous determinations made by EPA that may not be litigated in federal court.

### Seventh Defense

The Plaintiff's claims are barred, either in full or in part, because the Plaintiff failed to properly and completely exhaust applicable administrative remedies.

### Eighth Defense

Plaintiff's claims, and/or its requested relief, are barred, in whole or in part, by the applicable statute(s) of limitations.

### Ninth Defense

The Plaintiff is not entitled to its requested relief because the alleged activities do not constitute continuing violations of the Clean Air Act.

### Tenth Defense

Plaintiff's requested equitable relief is barred, in whole or in part, by the doctrine of concurrent remedies.

*Eleventh Defense*

The claims in the Plaintiff's Complaint are barred because the allegedly unlawful conduct/projects constituted routine maintenance, repair and replacement activity that WPL lawfully undertook.

*Twelfth Defense*

The claims in the Plaintiff's Complaint are barred because WPL did not reasonably project that a significant net emission increase would result from any of the activities/projects at issue, and the demand growth exclusion also prohibits liability.

*Thirteenth Defense*

The claims in the Plaintiff's complaint, either in whole or in part, are barred to the extent that they are predicated on interpretations of PSD requirements which are unsupported by the current regulations implementing the Clean Air Act.

*Fourteenth Defense*

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent that they are predicated on regulatory interpretations by the EPA and/or WDNR that are void for vagueness.

*Fifteenth Defense*

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent that they are based upon interpretations of the applicable law for which the EPA and/or WDNR failed to provide fair notice.

*Sixteenth Defense*

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent that they are based upon the EPA's and/or WDNR's unlawful attempt to

change retroactively the legal status of acts conducted in full compliance with EPA's and/or WDNR's contemporaneous interpretation of law.  Therefore, the Plaintiff's claims fail, to the extent they are based on EPA activities that are *ultra vires* and unenforceable.

### Seventeenth Defense

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent they are based upon an attempt to enforce standards of general applicability, rules, and regulations that can only be accomplished through rulemaking under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and Section 307 of the Clean Air Act, 42 U.S.C. § 7607 (d).

### Eighteenth Defense

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent they are based upon theories that represent a change in EPA's interpretation of the Clean Air Act and associated regulations in violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

### Nineteenth Defense

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent that they are based upon, and rely upon, EPA actions which have violated the Federal Register Act, 44 U.S.C. § 1501 *et seq.*

### Twentieth Defense

The claims in the Plaintiff's Complaint, either in whole or in part, are barred to the extent that they are based upon, and rely upon, EPA's and/or WDNR's arbitrary and capricious interpretation of applicable laws and regulations.

*Twenty-First Defense*

Plaintiff's claims are barred because the Columbia Generating Station operates in accordance with permits issued pursuant to the requirements of the Clean Air Act and those permits provide a shield against Plaintiff's claims.

*Twenty-Second Defense*

The Plaintiff lacks standing to bring the claims asserted or to seek the relief requested in its Complaint.

*Twenty-Third Defense*

The Plaintiff is estopped from bringing the claims contained in its Complaint because, in part, it failed to timely challenge Defendant's actions.

*Twenty-Fourth Defense*

The Plaintiff has waived the claims contained in its Complaint because, in part, it failed to timely challenge Defendant's actions.

*Twenty-Fifth Defense*

The claims contained, and relief requested, in the Plaintiff's Complaint are barred by the doctrine of laches, either in whole or in part because, Plaintiff failed to timely challenge Defendant's actions.

*Twenty-Sixth Defense*

The claims in the Plaintiff's Complaint which seek equitable relief are barred, either in whole or in part, by the doctrine of unclean hands, the failure to do equity and bad faith because, in part, it failed to timely challenge Defendant's actions.

*Twenty-Seventh Defense*

Due to the multiple variations of the EPA's and/or WDNR's interpretation of the regulations which are the subject of the Plaintiff's lawsuit, it would be inequitable and unfair for this Court to order the relief requested in the Plaintiff's Complaint.

*Twenty-Eighth Defense*

Due to the Plaintiff's failure to previously object to any of the activities which are the subject of its lawsuit, and of which it had knowledge, it would be inequitable and unfair for this Court to provide the relief requested in the Plaintiff's Complaint.

*Twenty-Ninth Defense*

Any injunctive relief which may be granted can only be applied to the existing emissions units at issue.

*Thirtieth Defense*

The Plaintiff's claim for injunctive relief is barred, in whole or in part, because the Clean Air Act does not authorize injunctive relief to improve general environmental conditions that are not harmed by the Defendant's alleged violations.

*Thirty-First Defense*

Some or all of the relief requested in the Plaintiff's Complaint is, or will be, moot because certain pollution control equipment is planned to be installed at Columbia Unit 2.

*Thirty-Second Defense*

The Plaintiff is not entitled to its requested relief because 42 U.S.C. § 7604 does not authorize injunctive relief against the continued operation of a source, even if previous alleged PSD permitting requirements were not followed.

*Thirty-Third Defense*

The citizen suit provisions of the Clean Air Act, 42 U.S.C. § 7604 *et seq.*, provide the sole remedies for the Plaintiff's claims. Therefore, the Plaintiff's claims for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 must be dismissed.

*Thirty-Fourth Defense*

The Plaintiff's recovery of its costs of bringing this action (including reasonable attorney fees) is barred because this action does not serve the public interest by assisting in the proper implementation of the Clean Air Act.

*Thirty-Fifth Defense*

In light of recent decisions, because the Plaintiff's Complaint is unreasonable and without merit, the Court should award WPL the costs of defending this lawsuit including, but not limited to, their litigation fees and expenses (including reasonable attorney and expert witness fees) pursuant to 42 U.S.C. § 7604(d).

*Thirty-Sixth Defense*

WPL will rely upon any and all further defenses that become available or appear during the discovery proceedings in this action and reserves its rights to amend this Answer and statement of defenses for the purpose of asserting further defenses. For example, should a remedy phase of this litigation become necessary, WPL reserves its right to request that all necessary parties to the proceeding be joined pursuant to Fed. R. Civ. P. 19(a).

## **Request for Jury Trial**

Pursuant to Fed. R. Civ. P. 38, Defendant requests a jury trial with respect all issues so triable.

## **Prayer for Relief**

WHEREFORE, the Defendant, WPL, demands judgment:

1.      Dismissing the Plaintiff's Complaint *with prejudice*;

2.      Entering judgment for WPL on all claims in Plaintiff's Complaint;

3.      Ordering Plaintiff to pay WPL's costs of defending this action (including, but not limited to, its reasonable attorney fees and costs);

4.      Denying, in its entirety, Plaintiff's prayer for relief;

5.      Entering an order that WPL at all times complied with the applicable laws, rules and regulations regarding the Prevention of Significant Deterioration at the Columbia Generating Station; and

6.      Providing any additional relief that the Court finds appropriate.


Respectfully submitted,



/s/ Robert R. Clark_____
Robert R. Clark, No. 3488-49
Scott R. Alexander, No. 16345-49

TAFT STETTINIUS & HOLLISTER
One Indiana Square, Suite 3500
Indianapolis, IN  46204
317/713-3500

Bruce A. Schultz
COYNE SCHULTZ BECKER & BAUER
150 E. Gilman St., Suite 1000
Madison, WI  53703
608/255-1388

# <u>Certificate of Service</u>

I hereby certify that on October 21, 2010, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David C. Bender
McGillivray Westerberg & Bender
305 S. Paterson Street
Madison, WI  53703
E-mail:  bender@mwbattorneys.com

Christa Westerberg
McGillivray Westerberg & Bender
305 S. Paterson Street
Madison, WI  53703
E-mail:  westerberg@mwbattorneys.com

Pamela R. McGillivray
McGillivray Westerberg & Bender
305 S. Paterson Street
Madison, WI  53703
E-mail:  mcgillivray@mwbattorneys.com

Robert Ukeiley
Law Office of Robert Ukeiley
435 R Chestnut St., Suite 1
Berea, KY  40403
E-mail:  rukeiley@igc.org

/s/ Robert R. Clark_____

1300743.5