

**Taft /**

Taft Stettinius & Hollister LLP

One Indiana Square, Suite 3500 / Indianapolis, IN 46204-2023 / Tel: 317.713.3500 / Fax: 317.713.3699 / www.taftlaw.com
Cincinnati / Cleveland / Columbus / Dayton / Indianapolis / Northern Kentucky / Phoenix / Beijing

ROBERT R. CLARK
Telephone: 317-713-3523
Fax:        317-713-3699
E-Mail: rclark@taftlaw.com

January 8, 2010

David C. Bender
McGillivray Westerberg & Bender LLC
305 S. Paterson St.
Madison, WI 53703

Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Ste. 1
Berea, KY 40403

Re:   Wisconsin Power and Light Company - Nelson Dewey and Columbia
      Generating Stations

Dear Counsel:

As you are aware, we represent Wisconsin Power and Light Company ("WPL"). This letter is written in response to your December 14, 2009 supplemental Notice of Intent ("Supplemental NOI") to file a civil lawsuit against WPL, the owner and operator of the Nelson Dewey and Columbia Generating Stations, and Wisconsin Public Service Corporation ("WPSC") and Madison Gas and Electric Company ("MGE") in their capacity as joint owners of the Columbia Generating Station, for alleged violations of the federal Clear Air Act. On behalf of WPL, WPSC, and MGE, we are writing to inform you that the Supplemental NOI also does not satisfy the Clean Air Act's notice requirements for a citizen suit, and therefore your intended citizen suit cannot be maintained. Indeed, the Supplemental NOI does not sufficiently address the previous deficiencies we outlined concerning Sierra Club's previous Notice of Intent letter dated October 10, 2009. (See letter to you dated December 7, 2009).

It is again important to note that the Sierra Club's position in the Supplemental NOI is inconsistent with its position in the ongoing proceeding before the Public Service Commission of Wisconsin ("PSCW") for a certificate of authority to install emission controls at the Columbia Generating Station (PSCW Docket No. 5-CE-138). In that docket, Sierra Club is actively opposing the proposed installation of flue gas desulfurization systems on the two Columbia Generating Station ("COL") units—systems that would reduce sulfur dioxide emissions from COL by 90%. Instead, Sierra Club is proposing that the Station purchase credits to comply with current regulations and begin a process of retiring older coal-fired units. (Sierra Club Br. at 2, PSC Ref. No.

**EXHIBIT**
D

David C. Bender
January 8, 2010
Page 2

123898.) However, the Sierra Club now appears to be threatening to seek a court order requiring the installation of sulfur dioxide controls that meet BACT requirements.

A citizen suit seeking to require installation of sulfur dioxide controls at the Columbia facility is unnecessary. The facility already has determined that it will install sulfur dioxide controls. The only issue is what specific sulfur dioxide controls are necessary. The state regulatory proceeding will assess the adequacy of the proposed controls, and the permitting process will determine if the controls meet BACT requirements, if necessary. Sierra Club's citizen suit will only impede this process and hinder the facility from evaluating controls for the Facility.

With respect to the notice requirement, the Clean Air Act's citizen suit provision requires that, at least 60 days before commencing the suit, the citizen plaintiff must give "notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order" allegedly violated. 42 U.S.C. § 7604(b)(1)(A). The notice must contain:

> sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving the notice.

40 C.F.R. § 54.3(b).

In the Supplemental NOI, you wrongly suggest that Sierra Club does not need to provide such notice before filing suit. (December 14, 2009 NOI at fn. 13.) We acknowledge that notice is not necessarily required for claims asserting that a party constructed a "modified major emitting facility" without a prevention of significant deterioration ("PSD") permit. 42 U.S.C. §§ 7604(a)(3), 7604(b). Federal statutes and case law, however, demonstrate that notice is required for alleged violations of "an emission standard or violation." 42 U.S.C. § 7604(a)(1); *Village of Oconomowoc Lake v. Dayton Hudson Corp.*, 24 F.3d 962, 964 (7th Cir. 1994). Although the Supplemental NOI is vague and ambiguous, it is apparent that virtually all of the alleged violations (approximately thirty) pertain to emissions standards or limitations. Such allegations undoubtedly require notice. Only two claims appear to allege violations for failing to obtain a PSD permit and arguably do not require notice. Sierra Club cannot avoid the notice requirement for its claims simply by alleging two claims that may not require notice. Sierra Club must comply with the specific notice requirements under 40 C.F.R. § 54.3(b) for the alleged violations.

The Supplemental NOI fails to meet the notice requirement because it fails to provide enough information to permit WPL, WPSC and MGE to identify the allegedly

David C. Bender
January 8, 2010
Page 3

violated standards, the alleged dates of violations, and relevant activities with the degree of specificity required by the regulations. "The notice requirements are strictly construed to give the alleged violator the opportunity to correct the problem before a lawsuit is filed." *National Parks and Conservation Ass'n, Inc. v. Tennessee Valley Authority*, 502 F.3d 1316, 1329 (11th Cir. 2007); *see also Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 916-17 (9th Cir. 2004); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987). The Sierra Club has failed to set forth with specificity the alleged violations, such that it would be impossible for WPL, WPSC and MGE to identify the alleged problems within a sixty (60) day period.

To provide adequate notice of each alleged violation that will be targeted in the citizen suit, the notice must identify the specific pollutants at issue for each alleged violation. *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 487 (2d Cir. 2001). Although the Supplemental NOI purports to identify some pollutants at issue, it only does so by utilizing general placeholder allegations. The Supplemental NOI does not provide any detail identifying the specific type or amount of pollutant violations for each project at issue. The notice and 60-day delay requirements are also designed to allow the EPA or appropriate state agency to bring its own enforcement action, *see Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989), which would preempt the citizen lawsuit, *see* 33 U.S.C. § 1365(b)(1)(B). Identification of the specific pollutant(s) underlying the basis for each alleged violation permits enforcement agencies to "identify and prosecute a potential defendant's violations, giving effect to Congress's intention that citizen enforcers supplement, not supplant, public enforcement." *See id.* (*citing Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found.*, 484 U.S. 49, 60 (1987).)

It is insufficient to simply allege that each project resulted in "significant net emission increases," without any data or calculations demonstrating how these determinations were made. The Supplemental NOI fails to include any emission modeling and any other technical emission data upon which your claims may be based. All such data that support your claims should have been included in the Supplemental NOI. Aside from being a legal requirement, sharing such data will allow us to better understand your claims.

The date or dates of the violation must be stated with some specificity. The Supplemental NOI alleges one violation as having an "unknown" date. Other allegations mention only the "end of project/return to service dates."

The Supplemental NOI does not specify which SIP-approved PSD rules are applicable to each of the allegations. In order to give sufficient notice, the letter must identify the applicable regulatory framework and standard. In addition, the Supplemental NOI contains no PSD applicability analysis for the 11 projects identified on pages 5 and 6. The NOI appears to assert that each of these projects triggered PSD, yet lacks any analysis to support these assertions.

David C. Bender
January 8, 2010
Page 4

     Sierra Club further alleges that WPL, WPSC and MGE violated the CAA Title V requirements. However, the Supplemental NOI fails to demonstrate how, specifically, each alleged violation is also a violation of the Title V permits.

     The Supplemental NOI fails to establish that the Sierra Club has standing to initiate the threatened citizen suit.

     There are other deficiencies, but ultimately the Supplemental NOI fails to include sufficient information to permit WPL, WPSC and MGE to identify the specific standards, limitations, and orders that allegedly have been violated. As a result, the Supplemental NOI does not serve to trigger the 60 day pre-suit notice requirement essential to maintain a citizen suit action under the Clean Air Act ("CAA").

     You may contact us if you have any questions.

                                    Sincerely,

                                    Robert R. Clark

                                    Scott R. Alexander

                                    Counsel for Wisconsin Power and Light Company

/mma

1153233v2